UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23520-DAMIAN/Elfenbein

**CAPITOL SPECIALTY**
**INSURANCE CORPORATION**,

    Plaintiff,

v.

**GABLES ON THE GREEN II, LLC**, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Capitol Specialty Insurance Corporation's ("Plaintiff") Unopposed Motion to Strike Defendant Jose Benito Gallegos's Affirmative Defenses ("the Motion"), ECF No. [66]. Having reviewed the Motion, the record in its entirety, and the relevant law, I respectfully **RECOMMEND** that the Motion be **GRANTED** in part and **DENIED** in part.

**I.  BACKGROUND**

On September 14, 2023, Plaintiff filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 against four Defendants. ECF No. [1] at 1. On April 3, 2024, Defendant Jose Benito Gallegos ("Gallegos") filed an Answer in which he raised the following four affirmative defenses:

    1.    Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION, is estopped by its conduct to deny coverage.

    2.    Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION, has waived any purported ability to deny coverage.

> 4. Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION, has improperly reserved its rights to deny coverage.
>
> 5. Pursuant to the terms, provisions and conditions of Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION's Policy, that Policy is applicable to the claims made by JOSE BENITO GALLEGOS against CAPITOL's insured, GABLES ON THE GREEN II, LLC. Alternatively, any purported exclusions such as the exclusion upon which Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION, relies, are ambiguous, and should be construed against CAPITOL and in favor of the insureds and these Defendants.[1]

ECF No. [60] at 4-5.

On April 22, 2024, Plaintiff filed the instant Motion arguing that: (1) the Court should strike Gallegos's first and second affirmative defenses "because they fail to include a short and plain statement of the facts and Gallegos lacks standing to raise estoppel and waiver as affirmative defenses in" the instant action, ECF No. [66] at 3-6; (2) the Court should strike Gallegos's fourth affirmative defense "because Florida Statutes [§] 627.4137 is inapplicable to an action to rescind a policy and, even if [it] was applicable, Gallegos lacks standing to raise this defense[,]" *id.* at 6-8; and (3) the Court should strike Gallegos's fifth affirmative defense "as it is not an affirmative defense but merely a denial[,]" *id.* at 8-9. After reviewing the Motion, I ordered Gallegos to respond to confirm whether it was, in fact, unopposed. *See generally* ECF No. [67]. Gallegos responded as ordered, conceding that the Court should strike his first, second, and fourth affirmative defenses because "he does not have standing to raise the affirmative defenses of estoppel by conduct, waiver, or improper reservation of rights[,]" but opposing the striking of his fifth affirmative defense on the ground that the Court should treat it as a denial. ECF No. [68] at 1-2.

---

[1] To be clear, Gallegos only raises four affirmative defenses but — presumably due to oversight — labels them as affirmative defenses "1[,]" "2[,]" "4[,]" and "5." ECF No. [60] at 4-5. Rather than renumber Gallegos's affirmative defenses, I refer to them using the numbers in his pleading.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 12(f), a "motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *U.S. Commodity Futures Trading Comm'n v. Mintco*, LLC, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (citations omitted). "Courts have broad discretion when considering a motion to strike, [although] striking defenses from a pleading remains a drastic remedy to be resorted to only when required for the purposes of justice and only when the stricken material has no possible relation to the controversy." *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quotation omitted); *Northrop v. Johnson Holding Co., Inc. v. Leahy*, 2017 WL 5632041, at *1 (S.D. Fla. Nov. 22, 2017) ("[D]espite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored." (citations omitted)).

## III. DISCUSSION

Gallegos's first, second, and fourth affirmative defenses should be stricken because they are "clearly invalid as a matter of law." *Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-CV-150-T-33AAS, 2020 WL 1703801, at *1 (M.D. Fla. Apr. 8, 2020); *see also* ECF No. [68] at 1 ("Defendant, GALLEGOS, agrees that, at this juncture, he does not have standing to raise the affirmative defenses of estoppel by conduct, waiver, or improper reservation of rights."). Because Gallegos readily admits that he currently lacks standing to raise his first, second, and fourth affirmative defenses, those affirmative defenses are "invalid as a matter of law[,]" and thus must be stricken. *Id.*

Next, I reject Plaintiff's argument that the Court should strike Gallegos's fifth affirmative defense because that affirmative defense is nothing more than a denial. As Gallegos correctly acknowledges in his Response, "[w]hen [a] defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citing *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-CV-81536, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, I find that Gallegos's fifth affirmative defense should not be stricken but treated as a denial. *See Muschong v. Millennium Physician Grp., LLC*, No. 2:13-CV-705-FTM-38CM, 2014 WL 1268574, at *3 (M.D. Fla. Mar. 27, 2014) (denying plaintiff's motion to strike an affirmative defense on the ground that the affirmative defense was a denial).

## IV.    CONCLUSION

Accordingly, I respectfully **RECOMMEND** that:

1. Plaintiff's Unopposed Motion to Strike Gallegos's Affirmative Defenses, **ECF No. [66]**, be **GRANTED in part and DENIED in part**.

2. Gallegos's first, second, and fourth affirmative defenses be **STRICKEN WITHOUT PREJUDICE**.

3. Gallegos's fifth affirmative defense be **TREATED AS A DENIAL**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. §

636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on May 16, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel of Record