UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23520-CIV-DAMIAN/Elfenbein

CAPITOL SPECIALTY INSURANCE
CORPORATION,

    Plaintiff,
vs.

GABLES ON THE GREEN II, LLC, et al,

    Defendants.
_____/

## ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION [ECF NO. 72]

**THIS CAUSE** came before the Court upon Magistrate Judge Marty Fulgueira Elfenbein's Report and Recommendations [ECF No. 72 (the "Report")] on Plaintiff, Capitol Specialty Insurance Corporation's, Unopposed Motion to Strike Defendant Jose Benito Gallegos's Affirmative Defenses [ECF No. 66], entered on May 16, 2024.

On September 14, 2023, Plaintiff filed the Complaint in this case for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 against four Defendants. [ECF No. 1]. On April 3, 2024, Defendant Jose Benito Gallegos ("Gallegos") filed an Answer and Affirmative Defenses, in which he asserts four affirmative defenses (although he skips number three, so the fourth affirmative defense is numbered as the fifth affirmative defense). [ECF No. 60]. Plaintiff filed a Motion to Strike Gallegos's first, second, fourth, and fifth affirmative defenses. [ECF No. 66]. Gallegos agreed that his first, second, and fourth affirmative defenses should be stricken, but opposed the striking of his fifth affirmative defense on grounds the only basis for striking it was that it is a denial rather than an affirmative defense. [ECF No. 68].

The matter was referred to Judge Elfenbein for a report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. [ECF No. 55].

On May 16, 2024, Judge Elfenbein issued the Report recommending that the Court: (1) grant in part and deny in part Plaintiff's Motion to Strike; (2) strike Gallegos's first, second, and fourth affirmative defenses; and (3) treat Gallegos's fifth affirmative defense as a denial. [ECF No. 72]. No objections have been filed, and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Based on that review, the undersigned agrees with Judge Elfenbein's well-reasoned analysis and recommendations, as

stated above. However, in light of the fact that all but one of Gallegos's misnumbered affirmative defenses will now be stricken, and the remaining one must be renamed as a denial rather than an affirmative defense, the Court finds that it makes sense to have Gallegos file an Amended Answer to conform with the Court's Order. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Judge Elfenbein's Report and Recommendation [**ECF No. 72**] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

2. Plaintiff's Unopposed Motion to Strike Defendant Jose Benito Gallegos's Affirmative Defenses [**ECF No. 66**] is **GRANTED IN PART and DENIED IN PART**;

3. Defendant Gallegos's first, second, and fourth affirmative defenses are **STRICKEN**;

4. Defendant Gallegos's fifth affirmative defense shall be reasserted as a denial; and

5. **By June 10, 2024**, Defendant Gallegos shall file an **Amended Answer** which conforms to the rulings set forth above.

**DONE AND ORDERED** in the Southern District of Florida, this 3rd day of June, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record